A plaintiff who claims facial and/or bodily disfigurement must prove that the disfigurement alleged is "serious" under both N.C.G.S. § 97-31(21) and N.C.G.S. § 97-31(22) in order to receive compensation therefor. An alleged disfigurement must be evidenced by an outward observable blemish, scar, or mutilation, and it must be so permanent and serious as to handicap the claimant in either his earnings or in securing employment.
After viewing the three photographs stipulated into evidence by the parties, the Full Commission has determined that the plaintiff has met his burden of proof with regards to a serious bodily disfigurement of his left arm. However, the Full Commission has also determined that the Deputy Commissioner erred in awarding plaintiff's claim for serious facial disfigurement. The stipulated pictures of plaintiff's face demonstrates that the scar on plaintiff's forehead does not rise to the level of "serious" in that it would not handicap plaintiff's ability to earn wages or secure employment.
Therefore, the October 25, 1994 Opinion and Award is HEREBY AFFIRMED IN PART and REVERSED IN PART.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as
STIPULATIONS
1. A North Carolina Industrial Commission Form 21 Settlement Agreement dated May 24, 1993 appears in the Commission file.
2. On March 25, 1993 the parties were bound by and subject to the North Carolina Workers' Compensation Act.
3. On said date the employer-employee relationship existed between the parties.
4. As of said date Travelers provided the coverage to the employer as provided under said Act.
5. That the plaintiff sustained an injury by accident arising out of and in the course of the employment with the defendant-employer on March 25, 1993.
6. On said date the plaintiff was earning an average weekly wage of $220.00.
7. That the issue to be determined in this case is: To what compensation under Sections 97-31(21)(22) of the North Carolina Workers' Compensation Act is the plaintiff entitled as a result of the facial and bodily disfigurement which he sustained on March 25, 1993.
8. The parties further stipulate that plaintiff's counsel may describe the plaintiff's disfigurement into the record with defendants' counsel observing and making such appropriate comments for the record as he may deem necessary.
9. The parties further stipulate into evidence three photographs designated as Stipulated Exhibits 1, 2 and 3.
* * * * * * * * * *
Based upon all of the competent evidence in the record, including a review of the stipulated photographs and the person of the plaintiff herein, the Full Commission makes the following
FINDINGS OF FACT
1. On March 25, 1993 the plaintiff, 28 years of age with a ninth grade education, was employed by the defendant-employer as a laborer doing roofing work when a pot of hot tar exploded, thereby showering the plaintiff with the hot tar. As a result plaintiff suffered scarring to the left side of his face and left arm and shoulder.
2. Plaintiff's disfigurements, which are permanent in nature, are represented by photographs which appear in the file and have been adequately described into the record by counsel for the parties.
3. The Full Commission is of the opinion that the alleged facial disfigurement does not reach that degree of serious outward observable blemish as required under the Act.
4. The scarring to plaintiff's left shoulder and arm are sufficiently serious and discomforting to the plaintiff to qualify as serious bodily disfigurement under the Act.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. That the plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer on March 25, 1993. N.C.G.S. § 97-2(6).
2. That as a result of the accident on March 25, 1993 the plaintiff did not sustain serious facial disfigurement. N.C.G.S. § 97-31(21). The plaintiff is entitled to no compensation for his alleged facial disfigurement.
3. As a result of the injury by accident sustained by plaintiff on March 25, 1993, plaintiff has sustained serious bodily disfigurement of his left shoulder and arm, N.C.G.S. § 97-31(22), and the sum of $2,000.00 is a fair, reasonable, and proper sum to compensate plaintiff for said disfigurement.
4. Disfigurement must be evidenced by an outward, observable blemish, scar or mutilation under the Act, and must be so permanent and serious as to hamper or handicap the person in his earnings or in securing employment. Branham v. Denny Roll andPanel Co., 223 N.C. 233, 25 S.E.2d 865 (1943).
* * * * * * * * * *
Based upon all of the foregoing, the Full Commission enters the following
AWARD
1. The defendants shall pay to the plaintiff the sum of $2,000.00 for the serious, permanent bodily disfigurement sustained as a result of the accident occurring on March 25, 1993, less the attorney fee hereinafter allowed.
2. An attorney's fee of 25 percent of the compensation awarded herein, is hereby approved and awarded to plaintiff's counsel for his services to the plaintiff, to be deducted from the compensation awarded, and shall be paid directly to said attorney.
3. The defendants shall pay the costs.
This the _____ day of __________________________, 1995.
FOR THE FULL COMMISSION
 S/ ________________________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ ________________________ DIANNE C. SELLERS COMMISSIONER
S/ ________________________ COY M. VANCE COMMISSIONER
JJB:mj 3/16/95